Mr. Wayne J. Boyer Attorney at Law 1968 Bayshore Boulevard Dunedin, Florida 34698
Dear Mr. Boyer:
As a member of the Judicial Nominating Commission in the Sixth Judicial Circuit, you ask substantially the following question:
May I as a circuit judicial nominating commission member, appointed by the Governor, vote to fill a vacancy in one of the commission appointee positions when the vacancy will not occur until after the expiration of my term on the commission?
In sum, I am of the opinion that:
A circuit judicial nominating commission member is not authorized to vote to fill the position of commission appointee, the term of which does not begin until his own term has expired.
Section 11(d), Art. V, State Const., provides that there shall be a separate judicial nominating commission as provided by law for the supreme court, each district court of appeal, and each judicial circuit for all trial courts within the circuit. Section 20(c)(5), Art. V, State Const., provides for the composition of a judicial nominating commission (JNC) by stating:
a. Three members appointed by the Board of Governors of The Florida Bar from among The Florida Bar members who are actively engaged in the practice of law with offices within the territorial jurisdiction of the affected court, district or circuit; b. Three electors who reside in the territorial jurisdiction of the court or circuit appointed by the governor; and c. Three electors who reside in the territorial jurisdiction of the court or circuit and who are not members of the bar of Florida, selected and appointed by a majority vote of the other six members of the commission.[1]
Members of a judicial nominating commission serve a term of four years.[2] Your inquiry concerns whether you are authorized to vote to fill an anticipated vacancy in one of the commission appointee positions when the vacancy will not occur until after the expiration of your term on the commission.
It has been generally held that an appointment to an office in anticipation of a vacancy is proper only when the officer or body making the appointment is still in office when the vacancy occurs.[3] This principle was recognized by The Supreme Court of Florida in Tappy v. State,[4] when it stated:
A prospective appointment is valid if the governor who makes the appointment is still in office at the time the vacancy occurs and the commission becomes effective. (emphasis supplied by the Court)
I am not aware of anything in the Constitution or the statutes which would authorize a commission member to vote on the commission appointees prior to there being a vacancy in such office when such commission member will not be a member of the commission at the time the vacancy occurs. While s. 11(d), Art. V, State Const., provides that uniform rules of procedure shall be established by the JNCs at each level of the court system, the rules for the circuit JNCs do not appear to require a contrary conclusion. Section IX of the Rules for the Circuit Judicial Nominating Commissions merely provides that "[n]otwithstanding commission appointees' participation in the nomination and interview process, only those commissioners appointed by The Florida Bar Board of Governors and the Governor of the State of Florida and who are members of the commission shall be entitled to vote for commission appointees."[5]
Accordingly, I am of the opinion that you are not authorized to vote on an anticipated vacancy of a commission appointee when your term would expire prior to the time of the vacancy occurring.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] And see, s. 43.29(1), F.S.
[2] Section 20(c)(7), Art. V, State Const. And see, s. 43.29(3), F.S., which provides that a member is not eligible for consecutive reappointments.
[3] See, 67 C.J.S. Officers s. 40 which further states that an officer with the power of appointment to a public office has no right to forestall the rights and prerogatives of his successor by making a prospective appointment to fill an office, the term of which is not to begin until his own term and power to appoint have expired.
[4] 82 So.2d 161, 166 (Fla. 1955).
[5] Compare, s. IX, Rules of District Court Nominating Commissions, which provides in part that only those commissioners appointed by The Florida Bar Board of Governors and the Governor of the State of Florida and who are members of the commission on the date of the annual meeting shall be entitled to vote for commission appointees.